

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00010-CV

---

IN RE RADE PARKER AND KELLI PARKER

---

Original Mandamus Proceeding

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

In this case, we deny Relators' petition for a writ of mandamus concerning issues arising from a dispute over a boat ramp. Relators, Rade Parker and Kelli Parker, removed a failing boat ramp on their newly purchased property in Franklin County, Texas. Real Parties in Interest, Blair Creek Cove Property Owners Association, and those affiliated with it (POA),[1] claim that the Parkers property is subject to the POA's access rights to the boat ramp. The POA demanded that the Parkers build a new ramp. The Parkers filed a declaratory judgment action to determine whether the POA had rights to the boat ramp.

The Parkers' petition in this Court concerns two interlocutory rulings by the trial court, the 62nd Judicial District Court of Franklin County, Texas. In the trial court, the POA designated an expert witness concerning the cost of building a new ramp. The Parkers moved to strike POA's expert on grounds that the expert (1) was untimely designated and (2) is represented by one of the Parkers' attorneys, hence allowing the POA's expert to remain in the case would be tantamount to disqualifying the Parkers' counsel. The trial court ruled against the Parkers on both grounds, finding that any lateness in designation could be cured given a continuation of the trial date and that the Parkers failed to show how cross-examining an expert over matters such as the cost of concrete would necessarily present the disqualification concern the Parkers raised. The trial judge vacated the bench. We abated for the newly appointed trial judge to consider after the Parkers filed their original mandamus. The trial judge denied the motion to strike without any findings.

---

[1]The listed defendants in the amended petition are Blair Creek Cove Property Owners' Association a/k/a Blair Creek Cove Estates, and residents John Case, Gabe Allen, and John S. McAnally.

We find that the Parkers have not demonstrated entitlement to the extraordinary remedy of mandamus relief. We deny the petition.[2]

## I. Factual Background

In November 2022, the Parkers bought four lots on Lake Cypress Springs in Franklin County, Texas, next to Blair Creek Cove Estates.

The Parkers' declaratory judgment petition alleged the justiciable controversy as follows: there was a boat ramp on their property. The boat ramp "completely failed" the same month they purchased the property. Concerned about injury, the Parkers wanted to repair or remove the boat ramp. Before doing so, the Parkers first spoke with the president of the POA to see if the POA would do anything about the boat ramp. The POA declined to do anything and declined to give the Parkers any guidance on what they could do about the boat ramp. The Parkers then successfully applied to the Franklin County Water District for a permit to remove the boat ramp. The Parkers then, at their own expense, had a contractor remove the boat ramp. Only then, after the Parkers had removed the boat ramp, did the POA weigh in with its position on the matter; the POA sent a demand letter to the Parkers asserting that the Parkers were obligated to build a new ramp because the POA had an easement to use the boat ramp and demanded that the Parkers build a new one.

The POA's response, as might be imagined, framed the justiciable controversy differently. The POA asserted that its rights to the boat ramp were established via easement(s) in the very same deeds by which the Parkers claim title, so the Parkers were on notice from the

[2]Both parties requested oral argument. We deny that request.

3

outset regarding the POA's rights in the boat ramp. If the Parkers would not build a new boat ramp themselves, then the POA would exercise its rights to build a new ramp and to recover the cost of the new boat ramp as damages from the Parkers.

There are more allegations and counter-allegations. We comment on none of them. The summary above is given solely to provide the context for the trial court's rulings.

A bench trial was scheduled for November 21, 2024. On October 19, 2024, the POA supplemented their disclosures, designating a damages expert on the cost of rebuilding the boat ramp. On October 21, 2024, the Parkers moved to strike the POA's damages expert. The Parkers complained that the POA's expert was untimely designated. The Parkers also complained that, even though their local counsel, Leigh Thompson, had appeared in the case in September 2024, the POA's October 2024 disclosures designated an expert who was represented by Thompson in a separate and then pending lawsuit. On October 21, 2024, the Parkers also filed a jury demand.

The first hearing on the motion to strike was held on November 1, 2024. At that hearing, the trial court continued the trial date to March 31, 2025. The trial court denied the Parkers' motion to strike. Regarding the timeliness of the designation, the trial court observed, "We're not [thirty-three] days before trial anymore." On the expert representation issue, the trial court responded, "Yeah," to argument from the POA's counsel that "I'm not sure of any ethical -- I mean, it's a concrete man who has given the estimate to build a ramp. I don't -- I'll certainly -- don't see any ethical -- I mean, I've cross examined clients of mine . . . ." In response to arguments from the Parkers' local counsel that her representation of the expert would preclude

4

her from conducting an effective cross-examination of the expert, the trial court commented, "No," and then stated,"[I]t may present an ethical issue for you, but your client can choose other counsel or do whatever they need to do."

The trial court signed a written order denying the Parkers' motion to strike on December 4, 2024. The Parkers filed their petition in this Court on February 7, 2025. The POA responded on February 24, 2025.

We abated the Parkers first mandamus on March 12, 2025, under Rule 7.2(b) of the Texas Rules of Appellate Procedure because the Honorable Will Biard vacated the bench. On June 23, 2025, the Honorable Gary D. Young was appointed to fill the vacancy. On August 28, 2025, the trial court, Judge Young presiding, held the second hearing on the motion to strike. On September 8, 2025, the trial court denied the motion to strike by written order without any findings.

Relators filed a motion to lift abatement on January 16, 2026. We grant that motion and deny the mandamus petition.

## II. Mandamus Standard

"Mandamus relief is an extraordinary remedy available only on a showing that (1) the trial court clearly abused its discretion and (2) the party seeking relief lacks an adequate remedy on appeal." *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding). Concerning the resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for the trial court. *Brady v. Fourteenth Ct. of Appeals*, 795 S.W.2d 712, 714 (Tex. 1990) (orig. proceeding). However, "[a] trial court has no

'discretion' in determining what the law is or applying the law to the facts." *Huie v. DeShazo*, 922 S.W.2d 920, 927 (Tex. 1996) (orig. proceeding) (quoting *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)). "Mandamus relief is only appropriate when the relators have established that only one outcome in the trial court was permissible under the law." *In re Murrin Bros. 1885, Ltd.*, 603 S.W.3d 53, 56 (Tex. 2019) (orig. proceeding).

### III. Relators Did Not Establish that the Trial Court Clearly Abused its Discretion

In two points of error, the Parkers challenge the trial court's denial of their motion to strike the POA's damages expert designation.

#### A. No Abuse of Discretion in Permitting Cure of Untimely Designation

In their first point of error, the Parkers argue that the trial court abused its discretion by denying their motion to strike the POA's expert for being designated untimely according to Rule 193.6 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 193.6.

The Parkers argue that the expert designation deadline had passed. *See* TEX. R. CIV. P. 190.3, 195.2. We agree. However, the trial court can "modify a discovery control plan at any time and must do so when the interest of justice requires." TEX. R. CIV. P. 190.5; *see* TEX. R. CIV. P. 193.6(c); TEX. R. CIV. P. 191.1 ("Except where specifically prohibited, the procedures and limitations set forth in the rules pertaining to discovery may be modified in any suit by the agreement of the parties or by court order for good cause."). The jury trial was reset for March 31, 2025, and the POA tendered its initial designation of a damages expert on October 19, 2024.

At the first hearing, the trial court's statement indicated that the discovery deadlines were modified and the expert designation was timely. After the second hearing on the motion to

strike, the trial court denied the motion to strike without any specific findings. Pursuant to this Court's abatement order, the trial court was required to make an independent determination on the motion to strike. However, the trial court was bound by the decision to reset the trial date, which is unchallenged here. In denying the motion to strike, the trial court implicitly recognized that the reset trial date necessarily extended the discovery deadlines and made the expert designation timely. The trial court did not clearly abuse its discretion in denying the motion to strike the designated expert, as the discovery period was modified by the trial reset. *See In re State Farm Lloyds*, 520 S.W.3d 595, 604 (Tex. 2017) (orig. proceeding) ("A writ of mandamus will issue only if the trial court reaches a decision 'so arbitrary and unreasonable as to amount to a clear and prejudicial error of law' and the relator has no adequate remedy by appeal.") (quoting *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding))).

Also, the Parkers requested a jury trial approximately thirty-one days before the November 21, 2024, non-jury trial setting. *See Halsell v. Dehoyos*, 810 S.W.2d 371, 371 (Tex. 1991) (per curiam) ("[T]the untimely jury demand became timely when the trial court reset the case . . . ."); TEX. R. CIV. P. 216(a). In other words, the new trial date was a reaction to the Parkers' request to switch from a bench trial to a jury trial; it was not granted solely, or even principally, to permit the POA to cure their late designation. On this record, the trial court's resolution was well within the trial court's docket management duties. *See* TEX. R. CIV. P. 245.

We find no abuse of discretion in the trial court's resolution.

7

**B.      Relators Did Not Show an Abuse of Discretion on Representation**

There are not enough facts to show an abuse of discretion.  A bare assertion that the Parkers' local counsel represents the POA's expert in some unspecified other matter is not enough.  The Parkers have not shown "that only one outcome in the trial court was permissible under the law." *In re Murrin Bros. 1885, Ltd.*, 603 S.W.3d at 56.

At the first hearing, Thompson did not inform the trial court of any specific circumstances that would cause an ethical dilemma.  The POA's expert was designated on the cost to build a concrete boat ramp.  There are any number of matters which would have no bearing on the work, materials, and cost of building a boat ramp.  Confidences gained in a divorce or probate matter, for example, would likely have a tangential connection at best to an expert's expertise in and opinions regarding boat ramps.

A cursory argument does not establish that Rule 1.06(b) of the Texas Disciplinary Rules of Professional Conduct is triggered.  *See In re Thetford*, 574 S.W.3d 362, 374 (Tex. 2019) (orig. proceeding); TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.06.  The record does not suggest whether the then pending lawsuit, in which the Parkers' local counsel represented the POA's expert, is related to this case.  Nor does the record indicate the type of confidential information that would be required to be divulged.  Stated differently, there is nothing to suggest that any cross-examination would be ethically limited.  *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.05; *In re Thetford*, 574 S.W.3d at 375 ("The test is whether that similarity creates a genuine threat that [Thompson] will reveal [the expert]'s confidences to [the Parkers]. . . ."); *In re Murrin Bros. 1885, Ltd.*, 603 S.W.3d at 58 ("[T]he proper inquiry is to look to whether the substance of

8

the challenged representation requires the lawyer to take conflicting positions or to take a position that risks harming one of [her] clients.").

The law here requires more than a cursory argument. *See Spears v. Fourth Ct. of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990) (orig. proceeding) ("[E]vidence showing a remote possibility of a violation of the disciplinary rules will not suffice under this standard."). The trial court was presented with a situation which may, or may not, present an ethical dilemma for the Parkers' local counsel in cross-examining the POA's damages expert and recognized it as such. Since the Parkers failed to present sufficient facts to the trial court, they failed to show that striking the POA's damages expert was the only option available to the trial court. *See In re Murrin Bros. 1885, Ltd.*, 603 S.W.3d at 56.[3]

We find no abuse of discretion in the trial court's denial of the Parkers' motion to strike.

## IV. Conclusion

After reviewing the record, we conclude that Relators did not establish an abuse of discretion by the trial court.

---

[3]Therefore, we do not answer whether a party's right to counsel prevails over their opponent's selection of an expert witness or vice versa. Nor do we decide whether compelled self-disqualification based on an opponent's designation of an expert witness is a viable legal theory. Assuming, without deciding, that it is, we decide this case on grounds that the facts offered to the trial court did not surmount the "only one outcome" hurdle. *See In re Murrin Bros. 1885, Ltd.*, 603 S.W.3d at 56.

Accordingly, we deny Relators' petition for a writ of mandamus.


                                        Jeff Rambin
                                        Justice

Date Submitted:     February 6, 2026
Date Decided:       February 9, 2026